IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-658 T

(Judge Mary Ellen Coster Williams)

FORD MOTOR COMPANY,

Plaintiff

v.

UNITED STATES,

Defendant

# ANSWER

Defendant, the United States of America, in answer to the Complaint of plaintiff Ford Motor Company, respectfully denies each and every allegation contained therein that is not expressly admitted below. Defendant further responds to each separate paragraph of the Complaint as follows:

1. Paragraph 1 of the Complaint contains legal argument to which no response is required.

2. In response to paragraph 2 of the Complaint, defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

3. In response to paragraph 3 of the Complaint, defendant admits that Ford paid FICA employer taxes to defendant for the quarters ending December 31, 1996 and December 31,

1999. Defendant admits that Ford withheld FICA employee tax from its employees for the quarters ending December 31, 1996 and December 31, 1999 and paid such withheld amounts to defendant. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the amounts paid to defendant were either “with respect to” or “from” the referenced payments.

4. In response to paragraph 4 of the Complaint, defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence that “Ford made the lump-sum Payments to induce Ford’s employees to ratify new collective bargaining agreements.” Defendant denies the remaining allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant admits the allegations in paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, defendant admits that the Complaint seeks refunds of: (a) $14,861,649 for employer tax for the quarter ending December 31, 1996; (b) $14,861,649 for employee tax for the quarter ending December 31, 1996; (c) $7,284,677 for employer tax for the quarter ending December 31, 1999, and (d) $7,284,677 for employee tax for the quarter ending December 31, 1999. Defendant denies that plaintiff is entitled to any refund of the “tax payments” reflected in the table in paragraph 7 of the Complaint. Defendant avers that records of the Internal Revenue Service reflect that plaintiff made a number of federal tax deposits concerning employment taxes for the quarter ending December 31, 1996, but that none of those deposits was made on January 28, 1997. Defendant avers that records of the Internal Revenue Service reflect that plaintiff made a number of federal tax deposits concerning

employment taxes for the quarter ending December 31, 1999, but that none of those deposits was made on January 24, 2000. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the payments reflected for the quarter ending December 31, 1996 and December 31, 1999 were made electronically.

8. In response to paragraph 8 of the Complaint, defendant admits that the Form 941 for the quarter ending December 31, 1996 was dated January 28, 1997. Defendant admits that the Form 941 for the quarter ending December 31, 1999 was dated January 24, 2000. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the Forms 941 were filed on the dates reflected in the table in paragraph 7 of plaintiffs' Complaint. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the Forms 941 were filed in Cincinnati, Ohio.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. In response to paragraph 10 of the Complaint, defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

11(a). In response to paragraph 11 of the Complaint, defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff timely filed a claim for refund for the quarter ending December 31, 1996. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff filed a refund claim for the quarter ending December 31, 1996, on April 17, 2000 in Cincinnati, Ohio. Defendant avers that the original Form 843 for the quarter ending December 31, 1999, that appears in the records the Internal Revenue Service was stamped received on April 19, 2000, by the "Internal Revenue Service Batching Unit Covington, KY." Defendant

admits that the first through fifth pages of Exhibit A to the Complaint are true copies of portions of a refund claim that plaintiff submitted for the quarter ending December 31, 1999. Defendant avers that Exhibit A to the Complaint is incomplete, because the original refund claim includes a two-page Form 941c "Supporting Statement To Correct Information," the first page of which is not included in Exhibit A to the Complaint.

11(b). In further response to paragraph 11 of the Complaint, defendant admits that plaintiff timely filed a claim for refund for the quarter ending December 31, 1999, on April 11, 2001, but defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff filed the refund claim in Dearborn, Michigan. Defendant avers that the original Form 843 for the quarter ending December 13, 1999, that appears in the records of the Internal Revenue Service was stamped received on April 11, 2001 by the "Team Manager - 1694 Heavy Mfg. Construction and Transportation (LMSB)." Defendant admits that the second, third, fourth, and fifth pages of Exhibit B to the Complaint are true copies of portions of a refund claim that plaintiff submitted for the quarter ending December 31, 1999. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the first and sixth pages of Exhibit B to the complaint are true copies of portions of a refund claim submitted for the quarter ending December 31, 1999. Defendant avers that Exhibit B is incomplete, because the Form 843 (Complaint, Ex. B, page 2) reports that "a CD-ROM containing the list of UAW employees receiving the lump sum bonus and the amount of FICA and FUTA taxes withheld" was attached to the claim for refund and such CD-ROM is not included in Exhibit B to the Complaint.

11(c). In further response to paragraph 11 of the Complaint, defendant admits that Exhibit C to the Complaint is a true copy of a letter purporting to be from the Office of Tax Counsel at Ford Motor Company to the Internal Revenue Service regarding "Claim for Refund – 1996 and 1999 UAW Signing Bonus." Defendant admits that such letter is dated February 28, 2005, and was stamped received on March 2, 2005, by the "Internal Revenue Service General Appeals - Area 3 Detroit, MI." Defendant states that plaintiff's characterization of the letter as a "supplemental protest of defendant's proposed disallowance of Ford's original refund claims, which protest supplemented those original refund claims by addressing defendant's issuance of Rev. Rul. 2004-109, 2004-2 C.B. 958 (November 23, 2004)" is legal argument to which no response is required.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains legal argument to which no response is required.

14. In response to paragraph 14 of the Complaint, defendant admits that the Complaint seeks refunds of taxes assessed or collected by the United States. Defendant denies that such taxes were "erroneous[]" or "illegal[]." Defendant admits that plaintiff has paid the full amount of FICA taxes (both employer's and employees' portions) that defendant assessed for the quarters ending December 31, 1996, and December 31, 1999. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff timely filed a claim for refund for the quarter ending December 31, 1996. Defendant admits that plaintiff timely filed a claim for refund for the quarter ending December 31, 1999. Defendant admits that plaintiff filed the Complaint prior to "the expiration of 2 years from the date of

mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." *See* 26 U.S.C. § 6532(a)(1). Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff owns the claim asserted in this suit and that the claim has not been transferred or assigned. Defendant denies that the Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1346 and avers that, to the extent that jurisdiction exists, it would instead be based on 28 U.S.C. § 1491.

15. In response to paragraph 15 of the Complaint, defendant admits that, to the extent it exists, jurisdiction over plaintiff's tax refund claim for the quarter ending December 31, 1999, is conferred by 28 U.S.C. § 1491. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the Court has jurisdiction over plaintiff's tax refund claim for the quarter ending December 31, 1996 pursuant to 28 U.S.C. § 1491.

16. In response to paragraph 16 of the Complaint, defendant states that the first three sentences contain legal argument to which no response is required. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the fourth sentence of paragraph 16.

17. Paragraph 17 of the Complaint contains legal argument to which no response is required.

18-22. In response to paragraphs 18-22 of the Complaint, defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

23-26. Paragraphs 23-26 of the Complaint contain legal argument to which no response is required.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, defendant incorporates its responses above to paragraphs 1-27 of the Complaint.

29. Paragraph 29 of the Complaint contains legal argument to which no response is required.

30. In response to paragraph 30 of the Complaint, defendant admits that the Internal Revenue Service issued Revenue Ruling 2004-109 during 2004. The remaining allegations in paragraph 30 of the Complaint contain legal argument to which no response is required.

31-38. Paragraphs 31-38 of the Complaint contain legal argument to which no response is required.

39. In response to the “Demand for Judgment” in the Complaint, defendant denies that plaintiff is entitled to any of the relief that it seeks in its Complaint.

WHEREFORE, defendant prays that the complaint of plaintiff Ford Motor Company be dismissed with prejudice, with defendant's costs to be taxed against the plaintiff and with such other relief as the Court deems meet in the premises.

Respectfully submitted,

s/Jason Bergmann

JASON BERGMANN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3425

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

s/David Gustafson

Of Counsel

January 9, 2008