IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-658 T

(Judge Mary Ellen Coster Williams)

FORD MOTOR COMPANY,

Plaintiff

v.

UNITED STATES,

Defendant

JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC Appendix A, paragraph 4, the parties submit the following Joint Preliminary Status Report.

A. Jurisdiction. At the present time, the parties have not identified any problems with this Court's jurisdiction over the issues in the complaint in the above-captioned case.[1]

B. Consolidation or transfer. The parties are unaware at the present time of any basis for consolidation or transfer of this case.

C. Bifurcation of trial. The parties believe that the trial of this case should be bifurcated, and that only issues concerning "liability" (*i.e.*, whether there has been an overpayment of tax)

[1] Defendant acknowledges that this Court is bound by the holding in *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373 (Fed. Cir. 1994), that plaintiff's not yet having repaid the tax to its employees or not yet having secured the employees' written consents does not deprive the Court of jurisdiction over plaintiff's claims.

should be resolved during the initial trial. The parties believe that the matter of the amount of any “damages” (*i.e.*, the computation of any overpayment) should be resolved separately, after the “liability” issue has been decided.

Here, plaintiff alleges an overpayment of FICA taxes. Computation of the alleged overpayment would require both the parties and the Court to examine the individual situations of tens of thousands of plaintiff’s employees and former employees. For each affected employee or former employee, the amount of the alleged overpayment would need to be determined. Moreover, plaintiff would be required either to repay the tax to the employee or former employee or to secure the employee’s or former employee’s written consent. *See* Treas. Reg. § 31.6402(a)-2(a)(2); *Chicago Milwaukee Corp. v. United States*, 40 F.3d 373 (Fed. Cir. 1994).

Should the Court determine after an initial trial that overpayments were made, the parties propose that they conduct a period of “damages” discovery, followed by an effort to determine whether the quantum of “damages” to which plaintiff and its employees and former employees may be entitled can be established by stipulation. If the parties are unable to agree on a damages amount at such a time, then the parties would propose procedures for the Court to resolve the damages issues in a second trial.

D. <u>Deferral</u>. The parties know of no reason for deferral of proceedings at this time.

E. <u>Remand or suspension</u>. The parties do not believe that remand or suspension is appropriate at this time.

F. <u>Additional parties</u>. The parties are unaware of any additional parties to be joined.

G. Dispositive motions. The parties do not anticipate filing any dispositive motions prior to the completion of discovery. Once discovery is completed, the parties will be in a better position to determine whether summary-judgment motions are appropriate.

H. Issues. The issue in a tax refund case is whether the plaintiffs can establish an overpayment of taxes with respect to the taxable periods before the court. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F.2d 624 (1965). More specifically, this case involves the following issues:

1. Whether FICA taxes were due on bonuses paid to plaintiff's UAW-represented employees for ratification of a collective bargaining agreement between plaintiff and the employees' union.

2. Whether the Commissioner of Internal Revenue abused his discretion in Rev. Rul. 2004-109, 2004-2 C.B. 958, by revoking Rev. Rul. 58-145, 1958-1 C.B. 360, prospectively with respect to certain professional athletes but retroactively with respect to plaintiff and its employees and former employees.

I. Settlement. At the present time the parties are unable to determine whether this case can be settled. The parties submit that additional information must be obtained in discovery before such a determination can be made. The parties propose that they will complete any settlement discussions on or before the date set forth for the completion of discovery, and, on or before that date, the parties will submit to the Court a status report concerning the status of possible settlement. Plaintiff notes that the issue was considered by the Internal Revenue Service's office of Appeals but not resolved. Plaintiff sought post-Appeals mediation, which

was unsuccessful. For this reason, plaintiff believes that alternative dispute resolution is unlikely to resolve this case.

J. Trial. At the present time the parties believe that a trial might be necessary. The parties propose that on or before the date set for the completion of discovery they will submit to the Court a status report concerning the further proceedings required to resolve this case.

K. Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

L. Other information. The parties are unaware of any other matters of which this Court should be advised at this time.

PROPOSED DISCOVERY PLAN. Pursuant to RCFC Appendix ¶ 5, the parties submit the following Discovery Plan:

a. The parties request that the Court establish a period for fact discovery regarding all issues that are relevant in the above-captioned case. The parties ask the Court to set a fact discovery cutoff that is eight months after the date of the Court's Order establishing the discovery period.

b. By "fact discovery cutoff," the parties mean that date by which responses to written discovery are due and by which depositions are to be completed. If necessary, motions to compel discovery may be filed subsequent to the discovery cutoff, after an appropriate good faith effort to resolve the dispute.

c. At the present time, the parties do not anticipate that expert witness testimony will be necessary. Thus, the parties do not presently request that the Court establish a deadline for the disclosure of expert reports, or for depositions or other discovery of experts. The parties intend to revisit the potential need for expert discovery after fact discovery is concluded.

d. The parties suggest that, on or before the fact discovery cutoff, the parties be required to submit to the Court a Joint Status Report that discusses what further proceedings (*e.g.*, dispositive motions, expert discovery, trial, *etc.*) may be necessary.

e. The parties propose that, to the extent that further "damages" discovery may be necessary in addition to the fact discovery previously conducted, such discovery should be scheduled after the Court has resolved the "liability" issues in this case.

Respectfully submitted,

February 26, 2008

*s/with consent Thomas David Johnston*

THOMAS DAVID JOHNSTON
Shearman & Sterling LLP
801 Pennsylvania Avenue N.W.
Washington DC 20004-2634
(202) 508-8022

Counsel for Plaintiff Ford Motor Company

February 26, 2008

*s/Jason Bergmann*

JASON BERGMANN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3425

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

*s/David Gustafson*

Of Counsel

Counsel for the United States