IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-658 T

(Judge Mary Ellen Coster Williams)

---

FORD MOTOR COMPANY,

Plaintiff

v.

UNITED STATES,

Defendant

---

PLAINTIFF FORD MOTOR COMPANY'S
FIRST REQUEST FOR PRODUCTION TO THE UNITED STATES OF AMERICA

---

Plaintiff Ford Motor Company ("Ford"), pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, requests Defendant the United States of America ("Defendant") produce and permit the inspection and copying of the documents and things described below, on or before May 25, 2008, at the offices of Shearman & Sterling LLP, 801 Pennsylvania Avenue NW, Suite 900, Washington, D.C,. 20004 at 10 a.m. or at such other place, date, and time as may be mutually agreed upon, and continuing thereafter until examination and photocopying are complete.

**INSTRUCTIONS**

1. Pursuant to Rule 34(b) of the Rules of the United States Court of Federal Claims, the Defendant shall produce the requested documents as they are kept in the usual course

of business. Documents should be marked to indicate the identity of the individual party producing such documents.

2. If any document responsive to any request is withheld on ground of privilege, the Defendant shall submit a schedule at the time of production pursuant to Rule 26(b)(5) of the Rules of the United States Court of Federal Claims setting forth for each document withheld the following information: (a) the type of document (e.g., letter, memorandum, account statement, etc.); (b) the date the document was prepared and the date of any meeting or conversation reflected or referred to in the document; (c) the name of each author, co-author, or preparer of the document; (d) the name of each recipient or addressee, including each recipient of a copy of the document; (e) if the document reflects or refers to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; (f) the subject matter of the information contained in the document; (g) the nature of the privilege or immunity asserted; and (h) a brief explanation of why the document is believed to be privileged or immune from production.

3. Produce the originals of any document requested and all copies thereof if any copy is other than identical with the original.

4. If, for any reason, any document to be produced pursuant to this Request has been destroyed, lost, or otherwise disposed of, state for each document the following information: (a) the date the document was lost, destroyed or disposed of; (b) all witnesses who have knowledge of the loss, destruction or disposal; (c) all documents which relate or refer to the loss, destruction, or disposal; and (d) the details concerning the loss of the document.

5. Under Rule 26(e)(2) of the Rules of the United States Court of Federal Claims, the Defendant is required to supplement its responses and produce promptly any new or additional documents that may become available.

**TIME PERIOD**

Unless otherwise stated in a request, the time period for these requests is 1996 to the present.

**DEFINITIONS**

A. "Answer" means Defendant's Answer filed in the United States Court of Federal Claims on January 9, 2008.

B. "Any" includes the word "all" and "all" includes the word "any."

C. "Code" means the Internal Revenue Code of 1986, as amended.

D. "Complaint" means Plaintiff's Complaint filed in the United States Court of Federal Claims on September 10, 2007.

E. "Document" and "documents" are used in their broadest possible sense within the meaning of Rule 34(a) of the Rules of the United States Court of Federal Claims and shall include, without limitation, any written, printed, typed, spoken, computerized, or other graphic, phonic, or recorded matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including drafts and copies bearing notations or marks not found on the original.

F. "Ford" means Ford Motor Company, and its employees, agents, representatives, attorneys, officers, independent contractors, and/or anyone otherwise acting on its behalf.

G. "IRS" means the Internal Revenue Service, a bureau of the United States Department of the Treasury, and its employees, agents, representatives, attorneys, officers, independent contractors, and/or anyone otherwise acting on its behalf.

H. "Identify" when referring to a document means to state: (1) the type or nature of document (e.g., letter, handwritten notes, memorandum, e-mail, etc.), or other means of identification of such document; (2) the date of each such document; (3) the author and addressee(s) of each such document; (4) the recipient(s) of each such document, including each person to whom a copy was furnished; and (5) the present location or custodian of each such document.

I. "Identify" when referring to a person or other entity means to state: (1) the full name of the person or entity; (2) the present residence or business address of the person or entity; (3) the telephone number of the person or entity; and (4) in the case of a natural person, the person's present or last known position of employment.

J. "Include," "includes," and "including" shall be construed broadly and shall be construed to mean "without limitation."

K. "Ratification Payments" means the payments made by Ford in connection with collective bargaining agreements ratified in 1996 and 1999, as further specified in the Complaint, including in paragraphs 20 and 22 thereof.

L. "Refund Claims" means the claims filed by Ford for refunds of FICA taxes, as specified in paragraph 11 of the Complaint.

M. "Relating to" shall mean associated with, connected to, relevant to, referring to, pertaining to, concerning, describing, depicting, evidencing, supporting, contradicting, constituting, mentioning, alluding to, consisting of, embodying, reflecting,

identifying, touching on, bearing on, or being legally or factually connected in any way, directly or indirectly.

N. "Treasury" means the United States Department of the Treasury.

O. "You" or "your" shall refer to the Defendant.

P. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request all responses that might otherwise be construed to be outside of its scope.

Q. The use of the singular form of any word shall include the plural and vice versa.

**REQUESTS**

**DOCUMENT REQUEST NO. 1:**

All documents relating to the consideration, drafting, review, revision, approval, preparation, and/or publication of Rev. Rul. 2004-109, 2004-2 C.B. 958.

**DOCUMENT REQUEST NO. 2:**

All documents relating to the decision under Code § 7805(b) to apply Rev. Rul. 2004-109 (and consequently revoke Rev. Rul. 58-145) prospectively with respect to signing bonuses or similar amounts paid to an employee in connection with the employee's initial employment, but retroactively with respect to all other signing bonuses or similar payments.

**DOCUMENT REQUEST NO. 3:**

For the time period dating from the publication of Rev. Rul. 58-145 to the date of its revocation, all documents relating to the IRS's and/or Treasury's examination, assessment, analysis, or consideration of the modification, revision, or revocation of Rev. Rul. 58-145.

**DOCUMENT REQUEST NO. 4:**

All documents relating to the drafting, review, revision, approval, preparation, and/or publication of the proposals included in President Clinton's Fiscal Year 2000 and 2001 Budgets to "subject signing bonuses to employment taxes."

**DOCUMENT REQUEST NO. 5:**

The IRS's administrative file relating to the review, evaluation, consideration, and denial of the Refund Claims.

**DOCUMENT REQUEST NO. 6:**

All documents constituting, relating to, or reflecting communications (a) within the IRS, (b) within Treasury, (c) between the IRS and Treasury, (d) between the IRS and/or Treasury and any other instrumentality of the United States, and (e) between the IRS and/or Treasury and any other party, with respect to the consideration, drafting, review, revision, approval, preparation, and/or publication of Rev. Rul. 2004-109, including the decision under Code § 7805(b) to apply Rev. Rul. 2004-109 (and revoke Rev. Rul. 58-145) prospectively with respect to signing bonuses or similar amounts paid to an employee in connection with the employee's initial employment, but retroactively with respect to all other signing bonuses or similar payments.

**DOCUMENT REQUEST NO. 7:**

All affidavits, declarations, or sworn statements you have prepared or obtained regarding facts alleged in the Complaint, defenses asserted in the Answer, or that are otherwise relevant to or discoverable in this action and the date of each such document.

**DOCUMENT REQUEST NO. 8:**

To the extent not covered by the preceding requests, all documents responsive to any of Plaintiff's First Interrogatories to Defendant, or referred to in your responses to those interrogatories.

Dated: April 25, 2008

Respectfully submitted,

Thomas D. Johnston
Counsel of Record
c/o Shearman & Sterling LLP
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 508-8022
Facsimile: (202) 508-8100

Of Counsel:

Ian C. Friedman
Shearman & Sterling LLP
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004

Ronald A. Lang
Tami L. Lopez
Office of Tax Counsel
Ford Motor Company
The American Road
Dearborn, MI 48121

**CERTIFICATE OF SERVICE**

Thomas D. Johnston, one of the attorneys for Plaintiff Ford Motor Company, certifies that, on April 25, 2008, he did cause a true and correct copy of the foregoing *Plaintiff Ford Motor Company's First Request for Production to the United States of America* to be served upon:

JASON BERGMANN
Trial Attorney
U.S. Department of Justice, Tax Division
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3425
Fax: (202) 514-6440
jason.bergmann@usdoj.gov