**U.S. Department of Justice**

**Tax Division**

*Please reply to: Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-9440*
*Trial Attorney: Jason Bergmann*
*Attorney's Direct Line: (202) 616 3425*

NJH:DG:JBergmann
154-2638
CMN 2007104409

May 28, 2008

Thomas D. Johnston
Shearman & Sterling LLP
801 Pennsylvania Avenue N.W.
Washington, DC 20004

**Via Facsimile (202) 508-8100 and First Class Mail**

Re: Ford Motor Co. v. United States
Fed Cl. No. 07-658 T

Dear Mr. Johnston:

The following documents are enclosed:

(1) Defendant's Response to Plaintiff's First Request for Production

(2) Defendant's Response to Plaintiff's First Set of Interrogatories.

Sincerely yours,

Jason Bergmann
Trial Attorney
Court of Federal Claims Section

Enclosures

J Bergmann

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-658 T

(Judge Mary Ellen Coster Williams)

FORD MOTOR COMPANY,

Plaintiff

v.

UNITED STATES,

Defendant

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant, the United States of America, submits the following response to plaintiff's First Request for Production of Documents, dated April 25, 2008:

**OBJECTIONS TO PLAINTIFF'S INSTRUCTIONS AND DEFINITIONS**

1. Defendant objects to plaintiff's instructions to the extent that they purport to impose obligations beyond those contained in the Rules of the Court of Federal Claims ("RCFC"). In responding to plaintiff's requests for production, defendant will comply with the RCFC, rather than plaintiff's instructions.

2. Defendant objects to plaintiff's requests to the extent that they purport to require defendant to respond and produce documents "on or before May 25, 2008." Plaintiff's discovery requests were served by mail and electronic delivery, pursuant to RCFC 5(b)(2)(B) and RCFC 5(b)(2)(D). Accordingly, under RCFC 34(b) and RCFC 6(e), defendant's responses are due 33

days after service of plaintiff's requests, or May 28, 2008.[1] Defendant will serve these responses on or before May 28, 2008. Defendant will produce relevant, non-privileged, responsive documents to plaintiff at a mutually convenient time and place sometime thereafter.

3. Defendant objects to plaintiff's first instruction on the ground that it purports to deny defendant the option of "organiz[ing] and label[ing]" documents "to correspond with the categories in the request," pursuant to RCFC 34(b)(1).

4. Defendant objects to plaintiff's second instruction to the extent that it purports to impose obligations beyond those contained in RCFC 26(a)(5)(A). In making claims of privilege, defendant will "make the claim[s] expressly" and will "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Defendant is willing to meet and confer with plaintiff regarding the content of any privilege log to ensure that it satisfies the requirements of the RCFC.

5. Defendant further objects to plaintiff's second instruction to the extent that it purports to require the production of a schedule "at the time of the production." It is difficult and time consuming for the government to make a formal assertion of the deliberative-process privilege and/or the executive privilege. *See, e.g., Marriott Int'l Resorts, L.P.*, 61 Fed. Cl. 411 (2004) (requiring privilege to be invoked formally by the Commissioner of the Internal Revenue Service; there, assertion of privilege required government to generate a 47-page privilege log and 91-page declaration). It would be unduly burdensome to require the government to collect all

---

[1] Moreover, even if RCFC 6(e) were inapplicable, because May 25, 2008 is a Sunday and because May 26, 2008 is Memorial Day, defendant's deadline for serving responses would be Tuesday, May 27, 2008, pursuant to RCFC 6(a).

relevant, responsive documents and make a formal assertion of privilege within 33 days of service of the request for production of documents. Should it become necessary for the government to make a formal assertion of privilege in response to plaintiff's requests, defendant will meet and confer with plaintiff concerning the timing of any such assertion.

6. In response to plaintiff's third instruction, defendant notes that, in the first instance, it will produce copies of relevant, responsive, non-privileged documents. To the extent that plaintiff thereafter requests to inspect any original document, defendant will make such documents available for inspection to at a mutually convenient time and place.

7. Defendant objects to plaintiff's fourth instruction to the extent that it purports to impose obligations beyond those contained in the RCFC. If defendant discovers that relevant, responsive, non-privileged documents have been lost or destroyed, defendant will meet and confer with plaintiff regarding defendant's obligations in those circumstances.

8. Defendant objects to plaintiff's definition of "relating to" on the ground that, to the extent it means "associated with," "connected to," "relevant to," "pertaining to," "concerning," "supporting," "contradicting," "alluding to," "touching on," "bearing on," or "being legally or factually connected in any way, directly or indirectly," it is vague and ambiguous. Plaintiff's definition purports to establish a subjective (rather than an objective) standard that defendant must apply in order to determine whether documents are or are not responsive to plaintiff's requests. In responding to plaintiff's requests that include the defined term, defendant will produce documents that "describe," "depict," "evidence," "constitute," "mention," "consist of," "embody," "reflect," or "identify" the referenced subjects.

**RESPONSES TO PLAINTIFF'S INDIVIDUAL REQUESTS FOR PRODUCTION**

**DOCUMENT REQUEST NO. 1**

All documents relating to the consideration, drafting, review, revision, approval, preparation, and/or publication of Rev. Rul. 2004-109, 2004-2 C.B. 958.

**RESPONSE TO REQUEST NO. 1**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

Subject to and without waiving the foregoing objections and reservations of privilege, defendant further responds as follows: Defendant contends that, other than the text of Rev. Rul 2004-109 itself, none of the documents that are responsive to this request are either relevant to the claim or defense of any party or relevant to the subject matter involved in the action. Nevertheless, defendant will produce copies of documents addressing Rev. Rul 2004-109 which were made available to the public in response to a request under the Freedom of Information Act.

**DOCUMENT REQUEST NO. 2**

All documents relating to the decision under Code § 7805(b) to apply Rev. Rul. 2004-109 (and consequently revoke Rev. Rul. 58-145) prospectively with respect to signing bonuses or

similar amounts paid to an employee in connection with the employee's initial employment, but retroactively with respect to all other signing bonuses or similar payments.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action. Defendant further objects to this request on the ground that the phrase "similar amounts paid" is vague and ambiguous. Defendant affirmatively contends that the "ratification payments" that are defined in plaintiff's requests are distinguishable from and are not "similar" to the "Baseball Club" situation outlined in Situation One of Rev. Rul. 2004-109.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

Subject to and without waiving the foregoing objections and reservations of privilege, defendant further responds as follows: Defendant contends that, other than the text of Rev. Rul 2004-109 itself, none of the documents that are responsive to this request are either relevant to the claim or defense of any party or relevant to the subject matter involved in the action. Nevertheless, defendant will produce copies of documents addressing 2004-109 which were made available to the public in response to a request under the Freedom of Information Act.

**DOCUMENT REQUEST NO. 3**

For the time period dating from the publication of Rev. Rul. 58-145 to the date of its revocation, all documents relating to the IRS's and/or Treasury's examination, assessment, analysis, or consideration of the modification, revision, or revocation of Rev. Rul. 58-145.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

Subject to and without waiving the foregoing objections and reservations of privilege, defendant further responds as follows: Defendant contends that, other than the text of Rev. Rul 2004-109 itself, none of the documents that are responsive to this request are either relevant to the claim or defense of any party or relevant to the subject matter involved in the action. Nevertheless, defendant will produce copies of documents addressing 2004-109 which were made available to the public in response to a request under the Freedom of Information Act.

**DOCUMENT REQUEST NO. 4**

All documents relating to the drafting, review, revision, approval, preparation, and/or publication of the proposals included in President Clinton's Fiscal Year 2000 and 2001 Budgets to "subject signing bonuses to employment taxes."

**RESPONSE TO DOCUMENT REQUEST NO. 4**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action. Defendant further objects to this request on the ground that it is vague and ambiguous, to the extent that it is unclear to which agency or agencies of the government the request is directed. Defendant construes this request to refer only to documents in the possession of the Internal Revenue Service and the Department of Treasury. Defendant further objects to this request on the ground that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive, because plaintiff can obtain the legislative history of the budget proposal through publicly available sources.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

On the basis of the stated objections, defendant will not produce any documents in response to this request.

**DOCUMENT REQUEST NO. 5.**

The IRS's administrative file relating to the review, evaluation, consideration, and denial of the refund claims.

**RESPONSE TO REQUEST NO. 5.**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that, to the extent that it seeks

analysis of the merit of plaintiff's refund claims by individual representatives of the Internal Revenue Service, it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action. *See, e.g., Detroit Screwmatic Co. v. U.S.*, 49 F.R.D. 77, 79 (S.D.N.Y. 1970). Defendant further objects to this request on the ground that the discovery sought is unreasonably cumulative or duplicative of information that is already in plaintiff's hands.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, work-product doctrine, the deliberative-process privilege, and the executive privilege.

Subject to and without waiving the foregoing objections and reservations of privilege, defendant further responds as follows: Defendant has already produced, in its initial disclosures, copies of the Certificates of Assessment and Payments for the tax years at issue. Defendant will produce the administrative file to plaintiffs, with the exception of non-public documents that contain analysis by representatives of the Internal Revenue Service of the merit of plaintiff's refund claims.

**DOCUMENT REQUEST NO. 6**

All documents constituting, relating to, or reflecting communications (a) within the IRS, (b) within Treasury, (c) between the IRS and Treasury, (d) between the IRS and/or treasury and any other instrumentality of the United States, and (e) between the IRS and/or Treasury and any other party, with respect to the consideration, drafting, review, revision, approval, preparation, and/or publication of Rev. Rul. 2004-109, including the decision under Code § 7805(b) to apply

Rev. Rul. 2004-109 (and revoke Rev. Rul. 58-145) prospectively with respect to signing bonuses or similar amounts paid to an employee in connection with the employee's initial employment, but retroactively with respect to all other signing bonuses or similar payments.

**RESPONSE TO DOCUMENT REQUEST NO. 6.**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action. Defendant further objects to this request on the ground that the phrase "similar amounts paid" is vague and ambiguous. Defendant affirmatively contends that the "ratification payments" that are defined in plaintiff's requests are distinguishable from and are not "similar" to the "Baseball Club" situation outlined in Situation One of Rev. Rul. 2004-109.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

Subject to and without waiving the foregoing objections and reservations of privilege, defendant further responds as follows: Defendant contends that, other than the text of Rev. Rul 2004-109 itself, none of the documents that are responsive to this request are either relevant to the claim or defense of any party or relevant to the subject matter involved in the action. Nevertheless, defendant will produce copies of documents addressing 2004-109 which were made available to the public in response to a request under the Freedom of Information Act.

**DOCUMENT REQUEST NO. 7**

All affidavits, declarations, or sworn statements you have prepared or obtained regarding facts alleged in the Complaint, defenses asserted in the Answer, or that are otherwise relevant to or discoverable in this action and the date of each such document.

**RESPONSE TO DOCUMENT REQUEST NO. 7.**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that, to the extent that it is construed to refer to unsigned drafts of affidavits, declarations, or sworn statements, it would seek documents that may be protected by the attorney-client privilege and/or work-product doctrine.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege and work-product doctrine.

Subject to and without waiving the foregoing objections and reservations of privilege, defendant further responds as follows: Defendant will produce documents containing factual information that plaintiff provided to the Internal Revenue Service during the administrative process and which is contained in the administrative file of the IRS. Defendant has located no other non-privileged, responsive documents that are responsive to this request.

**DOCUMENT REQUEST NO. 8**

To the extent not covered by the preceding requests, all documents responsive to any of Plaintiff's First Interrogatories to Defendant, or referred to in your responses to those interrogatories.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant incorporates its objections and responses to Plaintiff's First Interrogatories to Defendant, which are being served contemporaneously with these responses. Defendant further objects to this Request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, work-product doctrine, the deliberative-process privilege, and the executive privilege.

Subject to and without waiving the foregoing objections and reservations of privilege, defendant further responds as follows: Defendant incorporates its responses to Plaintiff's First Interrogatories to Defendant.

Respectfully submitted,

May 28, 2008

JASON BERGMANN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3425

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

Of Counsel