SHEARMAN & STERLING LLP

801 PENNSYLVANIA AVENUE, NW | WASHINGTON, DC | 20004-2634

WWW.SHEARMAN.COM | T +1.202.508.8000 | F +1.202.508.8100

thomas.johnston@shearman.com
(202) 508-8022

July 2, 2008

Via Email to jason.bergmann@usdoj.gov
Original to Follow by U.S. Mail

Jason Bergmann, Esq.
Trial Attorney
U.S. Department of Justice, Tax Division
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

**Re: Plaintiff's Second Request for Production in Ford Motor Company v. United States, No. 07-658 T (Fed. Cl. filed September 10, 2007)**

Dear Mr. Bergmann:

Please find enclosed Plaintiff Ford Motor Company's Second Request for Production to the United States of America.

Please do not hesitate to contact me if you have any questions.

Best regards,

Thomas D. Johnston

Enclosures



SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-658 T

(Judge Mary Ellen Coster Williams)

FORD MOTOR COMPANY,

Plaintiff

v.

UNITED STATES,

Defendant

PLAINTIFF FORD MOTOR COMPANY'S
SECOND REQUEST FOR PRODUCTION TO THE UNITED STATES OF AMERICA

Plaintiff Ford Motor Company ("Ford"), pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims, requests that Defendant the United States of America ("Defendant") produce and permit the inspection and copying of the documents and things described below, on or before August 4, 2008, at the offices of Shearman & Sterling LLP, 801 Pennsylvania Avenue NW, Suite 900, Washington, D.C. 20004 at 10 a.m. or at such other place, date, and time as may be mutually agreed upon, and continuing thereafter until examination and photocopying are complete.

**INSTRUCTIONS**

1. Pursuant to Rule 34(b) of the Rules of the United States Court of Federal Claims, the Defendant shall produce the requested documents as they are kept in the usual course of business or organize and label them to correspond with the categories in the requests.

Documents should be marked to indicate the identity of the individual party producing such documents.

2. If any document responsive to any request is withheld on a claim of privilege, the Defendant shall submit a schedule at the time of production pursuant to Rule 26(b)(5) of the Rules of the United States Court of Federal Claims that provides an express statement of the privilege, describing the nature of the documents, information, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable Ford to assess the applicability of the privilege or protection. Specifically, provide a privilege log setting forth for each document withheld the following information: (a) the type of document (e.g., letter, memorandum, account statement, etc.); (b) the date the document was prepared and the date of any meeting or conversation reflected or referred to in the document; (c) the name of each author, co-author, or preparer of the document; (d) the name of each recipient or addressee, including each recipient of a copy of the document; (e) if the document reflects or refers to a meeting or conversation, the name of each person who was present at or was a party to the meeting or conversation; (f) the subject matter of the information contained in the document; (g) the nature of the privilege or immunity asserted; and (h) a brief explanation of why the document is believed to be privileged or immune from production.

3. If, for any reason, any document to be produced pursuant to these requests has been destroyed, lost, or otherwise disposed of, state for each document the following information: (a) the date the document was lost, destroyed or disposed of; (b) all witnesses who have knowledge of the loss, destruction or disposal; (c) all documents which relate or refer to the loss, destruction, or disposal; and (d) the details concerning the loss of the document.

4. Under Rule 26(e)(2) of the Rules of the United States Court of Federal Claims, the Defendant is required to supplement its responses and produce promptly any new or additional documents that may become available.

**DEFINITIONS**

A. "Any" includes the word "all" and "all" includes the word "any."

B. "Background file documents" include the materials described in 26 C.F.R. § 301.6110-2(g).

C. "Document" and "documents" are used in their broadest possible sense within the meaning of Rule 34(a) of the Rules of the United States Court of Federal Claims and shall include, without limitation, any written, printed, typed, spoken, computerized, or other graphic, phonic, or recorded matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including drafts and copies bearing notations or marks not found on the original.

D. "Ford" means Ford Motor Company, and its employees, agents, representatives, attorneys, officers, independent contractors, and/or anyone otherwise acting on its behalf.

E. "IRS" means the Internal Revenue Service, a bureau of the United States Department of the Treasury, and its employees, agents, representatives, attorneys, officers, independent contractors, and/or anyone otherwise acting on its behalf.

F. "Identify" when referring to a document means to state: (1) the type or nature of document (e.g., letter, handwritten notes, memorandum, e-mail, etc.), or other means of identification of such document; (2) the date of each such document; (3) the author and addressee(s) of each such document; (4) the recipient(s) of each such document, including each

person to whom a copy was furnished; and (5) the present location or custodian of each such document.

G. "Identify" when referring to a person or other entity means to state: (1) the full name of the person or entity; (2) the present residence or business address of the person or entity; (3) the telephone number of the person or entity; and (4) in the case of a natural person, the person's present or last known position of employment.

H. "Include," "includes," and "including" shall be construed broadly and shall be construed to mean "without limitation."

I. "Ratification Payments," as used in this Second Request, mean payments made by a company, entity or organization that are contingent upon ratification of a collective bargaining agreement by a union.

J. "Returns" and "return information" having the meanings set forth in 26 U.S.C. § 6103(b).

K. "Relating to" shall mean associated with, connected to, relevant to, referring to, pertaining to, concerning, describing, depicting, evidencing, supporting, contradicting, constituting, mentioning, alluding to, consisting of, embodying, reflecting, identifying, touching on, bearing on, or being legally or factually connected in any way, directly or indirectly.

L. "Treasury" means the United States Department of the Treasury.

M. "You" or "your" shall refer to the Defendant.

N. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this Request all responses that might otherwise be construed to be outside of its scope.

O. The use of the singular form of any word shall include the plural and vice versa.

**REQUESTS**

**DOCUMENT REQUEST NO. 9:**

All documents relating to the consideration, drafting, review, revision, approval, preparation and/or publication of Rev. Rul. 58-145, 1958-1 C.B. 360, including but not limited to the administrative file and background file documents relating to such ruling.

**DOCUMENT REQUEST NO. 10:**

For the time period from the publication of Rev. Rul. 58-145 through the present, all documents relating to the IRS's and/or Treasury's interpretation, analysis, assessment or consideration of the application of Rev. Rul. 58-145 to signing bonuses, sign-on fees and/or ratification payments, except for specific taxpayer returns and return information relating to persons other than Ford that are protected from disclosure by 26 U.S.C. § 6103.

**DOCUMENT REQUEST NO. 11:**

For the time period dating from the publication of Rev. Rul. 58-145 through the present, all documents relating to the application of Rev. Rul. 58-145 to signing bonuses, sign-on fees and/or ratification payments, including but not limited to communications between the IRS and/or Treasury and any other party, and except for specific taxpayer returns and return information relating to persons other than Ford that are protected from disclosure by 26 U.S.C. § 6103.

**DOCUMENT REQUEST NO. 12:**

All documents relating to the consideration, drafting, review, revision, approval, preparation and/or publication of Rev. Rul. 69-424, 1969-2 C.B. 15, including but not limited to the administrative file and background file documents relating to such ruling.

**DOCUMENT REQUEST NO. 13:**

All documents relating to the consideration, drafting, review, revision, approval, preparation and/or publication of Rev. Rul. 71-532, 1971-2 C.B. 356, including but not limited to the administrative file and background file documents relating to such ruling.

**DOCUMENT REQUEST NO. 14:**

All documents relating to the consideration, drafting, review, revision, approval, preparation and/or publication of Rev. Rul. 74-108, 1974-1 C.B. 248, including but not limited to the administrative file and background file documents relating to such ruling.

**DOCUMENT REQUEST NO. 15:**

For the time period dating from the publication of Rev. Rul. 2004-109 through the present, all documents relating to the IRS's and/or Treasury's interpretation, analysis, assessment or consideration of the application of Rev. Rul. 2004-109 to signing bonuses, sign-on fees and/or ratification payments, except for specific taxpayer returns and return information relating to persons other than Ford that are protected from disclosure by 26 U.S.C. § 6103.

**DOCUMENT REQUEST NO. 16:**

For the time period dating from the publication of Rev. Rul. 2004-109 through the present, all documents relating to the application of Rev. Rul. 2004-109 to signing bonuses, sign-on fees and/or ratification payments, including but not limited to communications between the IRS and/or Treasury and any other party, and except for specific taxpayer returns and return information relating to persons other than Ford that are protected from disclosure by 26 U.S.C. § 6103.

Dated: July 2, 2008

Respectfully submitted,

Thomas D. Johnston
Attorney of Record for Plaintiff
c/o Shearman & Sterling LLP
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
Telephone: (202) 508-8022
Facsimile: (202) 508-8100

Of Counsel:

Ian C. Friedman
Shearman & Sterling LLP
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004

Ronald A. Lang
Tami L. Lopez
Office of Tax Counsel
Ford Motor Company
The American Road
Dearborn, MI 48121

**CERTIFICATE OF SERVICE**

Thomas D. Johnston, attorney of record for Plaintiff Ford Motor Company, certifies that, on July 2, 2008, he did cause a true and correct copy of the foregoing *Plaintiff Ford Motor Company's Second Request for Production to the United States of America* to be served upon:

JASON BERGMANN
Trial Attorney
U.S. Department of Justice, Tax Division
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-3425
Fax: (202) 514-6440
jason.bergmann@usdoj.gov

