**U.S. Department of Justice**

**Tax Division**

*Please reply to: Court of Federal Claims Section*
*P.O. Box 26*
*Ben Franklin Station*
*Washington, D.C. 20044*

*Facsimile No. (202) 514-9440*
*Trial Attorney: Jason Bergmann*
*Attorney's Direct Line: (202) 616 3425*

NJH:DG:SIF:JBergmann
154-2638
CMN 2007104409

July 29, 2008

JUL 29 2008

Thomas D. Johnston
Shearman & Sterling LLP
801 Pennsylvania Avenue N.W.
Washington, DC 20004

**Via Facsimile and First Class Mail**

Re: Ford Motor Co. v. United States
Fed Cl. No. 07-658 T

Dear Mr. Johnston:

Enclosed please find Defendant's Responses to Plaintiff's Second Request for Production.

Sincerely yours,

Jason Bergmann
Trial Attorney
Court of Federal Claims Section

Enclosure

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-658 T

(Judge Mary Ellen Coster Williams)

FORD MOTOR COMPANY,

Plaintiff

v.

UNITED STATES,

Defendant

DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

Defendant, the United States of America, submits the following response to plaintiff's Second Request for Production, dated July 2, 2008:

**OBJECTIONS TO PLAINTIFF'S INSTRUCTIONS AND DEFINITIONS**

1. Defendant objects to plaintiff's instructions to the extent that they purport to impose obligations beyond those contained in the Rules of the Court of Federal Claims ("RCFC"). In responding to plaintiff's requests for production, defendant will comply with the RCFC, rather than plaintiff's instructions.

2. Defendant objects to plaintiff's second instruction to the extent that it purports to impose obligations beyond those contained in RCFC 26(a)(5)(A). In making claims of privilege, defendant will "make the claim[s] expressly" and will "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Defendant is willing to meet and confer with plaintiff regarding the content of any privilege log to ensure that it satisfies the requirements of the RCFC.

3. Defendant further objects to plaintiff's second instruction to the extent that it purports to require the production of a schedule "at the time of the production." It is difficult and time consuming for the government to make a formal assertion of the deliberative-process privilege and/or the executive privilege. *See, e.g., Marriott Int'l Resorts, L.P.*, 61 Fed. Cl. 411 (2004) (requiring privilege to be invoked formally by the Commissioner of the Internal Revenue Service; there, assertion of privilege required government to generate a 47-page privilege log and 91-page declaration). It would be unduly burdensome to require the government to collect all relevant, responsive documents and make a formal assertion of privilege within 33 days of service of the request for production of documents. Should it become necessary for the government to make a formal assertion of privilege in response to plaintiff's requests, defendant will meet and confer with plaintiff concerning the timing of any such assertion.

4. Defendant objects to plaintiff's third instruction to the extent that it purports to impose obligations beyond those contained in the RCFC. If defendant discovers that relevant, responsive, non-privileged documents have been lost or destroyed, defendant will meet and confer with plaintiff regarding defendant's obligations in those circumstances.

5. Defendant objects to plaintiff's definition of "relating to" on the ground that, to the extent it means "associated with," "connected to," "relevant to," "pertaining to," "concerning," "supporting," "contradicting," "alluding to," "touching on," "bearing on," or "being legally or factually connected in any way, directly or indirectly," it is vague and

ambiguous. Plaintiff's definition purports to establish a subjective (rather than an objective) standard that defendant must apply in order to determine whether documents are or are not responsive to plaintiff's requests. In responding to plaintiff's requests that include the defined term, defendant will produce documents that "describe," "depict," "evidence," "constitute," "mention," "consist of," "embody," "reflect," or "identify" the referenced subjects.

**RESPONSES TO PLAINTIFF'S INDIVIDUAL REQUESTS FOR PRODUCTION**

**DOCUMENT REQUEST NO. 9**

All documents relating to the consideration, drafting, review, revision, approval, preparation, and/or publication of Rev. Rul. 58-145, 1958-1 C.B. 360, including but not limited to the administrative file and background file documents relating to such ruling.

**RESPONSE TO REQUEST NO. 9**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "relating to" is vague and ambiguous. In responding to this request, defendant will construe "relating to" to mean constitute, contain, embody, describe, reflect, identify, state, or refer to.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

On the basis of the stated objections, defendant will not produce any documents in response to this request.

**DOCUMENT REQUEST NO. 10**

For the time period dating from the publication of Rev. Rul. 58-145 through the present, all documents relating to the IRS's and/or Treasury's interpretation, analysis, assessment or consideration of the application of Rev. Rul. 58-145 to signing bonuses, sign-on fees, and/or ratification payments, except for specific taxpayer returns and return information relating to persons other than GM that are protected from disclosure by 26 U.S.C. § 6103.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that of undue burden or expense. Defendant further objects to this request on the ground that the phrase "relating to" is vague and ambiguous. In responding to this request, defendant will construe "relating to" to mean constitute, contain, embody, describe, reflect, identify, state, or refer to.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

On the basis of the stated objections, defendant will not produce any documents in response to this request.

**DOCUMENT REQUEST NO. 11**

For the time period dating from the publication of Rev. Rul. 58-145 through the present, all documents relating to the application of Rev. Rul. 58-145 to signing bonuses, sign-on fees, and/or ratification payments, including but not limited to communications between the IRS and/or Treasury and any other party, and except for specific taxpayer returns and return information relating to persons other than GM that are protected from disclosure by 26 U.S.C. § 6103.

**RESPONSE TO DOCUMENT REQUEST NO. 11**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground of undue burden or expense. Defendant further objects to this request on the ground that the phrase "relating to" is vague and ambiguous. In responding to this request, defendant will construe "relating to" to mean constitute, contain, embody, describe, reflect, identify, state, or refer to.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

On the basis of the stated objections, defendant will not produce any documents in response to this request.

**DOCUMENT REQUEST NO. 12**

All documents relating to the consideration, drafting, review, revision, approval, preparation, and/or publication of Rev. Rul. 69-424, 1969-2 C.B. 15, including but not limited to the administrative file and background file documents relating to such ruling.

**RESPONSE TO REQUEST NO. 12**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "relating to" is vague and ambiguous. In responding to this request, defendant will construe "relating to" to mean constitute, contain, embody, describe, reflect, identify, state, or refer to.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

On the basis of the stated objections, defendant will not produce any documents in response to this request.

**DOCUMENT REQUEST NO. 13**

All documents relating to the consideration, drafting, review, revision, approval, preparation, and/or publication of Rev. Rul. 71-532, 1971-2 C.B. 356, including but not limited to the administrative file and background file documents relating to such ruling.

**RESPONSE TO REQUEST NO. 13**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that the phrase "relating to" is vague and ambiguous. In responding to this request, defendant will construe "relating to" to mean constitute, contain, embody, describe, reflect, identify, state, or refer to.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

On the basis of the stated objections, defendant will not produce any documents in response to this request.

**DOCUMENT REQUEST NO. 14**

All documents relating to the consideration, drafting, review, revision, approval, preparation, and/or publication of Rev. Rul. 74-108, 1974-1 C.B. 248, including but not limited to the administrative file and background file documents relating to such ruling.

**RESPONSE TO REQUEST NO. 14**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant

further objects to this request on the ground that the phrase "relating to" is vague and ambiguous. In responding to this request, defendant will construe "relating to" to mean constitute, contain, embody, describe, reflect, identify, state, or refer to.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

On the basis of the stated objections, defendant will not produce any documents in response to this request.

**DOCUMENT REQUEST NO. 15**

For the time period dating from the publication of Rev. Rul. 2004-109 through the present, all documents relating to the IRS's and/or Treasury's interpretation, analysis, assessment or consideration of the application of Rev. Rul. 2004-109 to signing bonuses, sign-on fees, and/or ratification payments, except for specific taxpayer returns and return information relating to persons other than GM that are protected from disclosure by 26 U.S.C. § 6103.

**RESPONSE TO DOCUMENT REQUEST NO. 15**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground of undue burden or expense. Defendant further objects to this request on the ground that the phrase "relating to" is vague and ambiguous. In

responding to this request, defendant will construe "relating to" to mean constitute, contain, embody, describe, reflect, identify, state, or refer to.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

On the basis of the stated objections, defendant will not produce any documents in response to this request.

**DOCUMENT REQUEST NO. 16**

For the time period dating from the publication of Rev. Rul. 2004-109 through the present, all documents relating to the application of Rev. Rul. 2004-109 to signing bonuses, sign-on fees, and/or ratification payments, including but not limited to communications between the IRS and/or Treasury and any other party, except for specific taxpayer returns and return information relating to persons other than GM that are protected from disclosure by 26 U.S.C. § 6103.

**RESPONSE TO DOCUMENT REQUEST NO. 16**

Defendant incorporates its Objections to Instructions and Definitions, stated above. Defendant further objects to this request on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor relevant to the subject matter involved in the action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground of undue burden or expense. Defendant further objects to this request on the ground that the phrase "relating to" is vague and ambiguous. In

responding to this request, defendant will construe "relating to" to mean constitute, contain, embody, describe, reflect, identify, state, or refer to.

In addition, defendant's counsel reserves the rights of affected agencies of the government to make formal assertions of privilege in response to this request – in particular, the attorney-client privilege, the deliberative-process privilege, and the executive privilege.

On the basis of the stated objections, defendant will not produce any documents in response to this request.

Respectfully submitted,

July 29, 2008

JASON BERGMANN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3425

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

Of Counsel