IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-658 T

(Judge Mary Ellen Coster Williams)

FORD MOTOR COMPANY,

Plaintiff

v.

UNITED STATES,

Defendant

**DEFENDANT'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF**

JUL 24 2008

Defendant, the United States of America, serves the following First Requests for Production of Documents to plaintiff Ford Motor Company. Pursuant to Rule 34 of the Rules of the Court of Federal Claims, plaintiff shall serve written responses to these requests within thirty days of service. Defendant requests that plaintiff produce copies of the documents described herein to defendant's counsel at 555 4th St., N.E. in the District of Columbia on or before August 29, 2008, or at such other time and place as may be agreed upon by the parties.

**DEFINITIONS**

1. "Any" includes the word "all" and "all" includes the word "any."

2. "Chrysler" means Chrysler LLC or Daimler Chrysler Motors Company LLC, their predecessors or successors in interest, and all of their subsidiaries, affiliates, employees, agents,

representatives, attorneys, officers, independent contractors, or anyone otherwise acting on their behalf.

3. "Delphi" means Delphi Corp., and its subsidiaries, affiliates, employees, agents, representatives, attorneys, officers, independent contractors, or anyone otherwise acting on its behalf.

4. "Employment taxes" means those taxes imposed under the Federal Insurance Contributions Act, 26 U.S.C. § 3101, *et seq.*, including, without limitation, social-security taxes and medicare taxes, whether paid by employers or employees.

5. "Ford" means plaintiff Ford Motor Company, and its subsidiaries, affiliates, employees, agents, representatives, attorneys, officers, independent contractors, or anyone otherwise acting on its behalf.

6. "General Motors" means General Motors Corp., and its subsidiaries, affiliates, employees, agents, representatives, attorneys, officers, independent contractors, or anyone otherwise acting on its behalf.

7. "Ratification bonuses" are payments made pursuant to a collective bargaining agreement by an employer to some or all of its employees at or near the date of ratification of the collective bargaining agreement.

8. "Relate to" means consist of, constitute, describe, depict, discuss, embody, evidence, identify, mention, or reflect.

9. "The UAW" means the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, and its employees, agents, representatives, attorneys, officers, independent contractors, or anyone otherwise acting on its behalf.

10. The "1996 collective bargaining agreement" is the collective bargaining agreement entered into between Ford and the UAW on or about September 15, 1996. (*See* Complaint, ¶ 19.)

11. The "1999 collective bargaining agreement" is the collective bargaining agreement entered into between Ford and the UAW on or about October 9, 1999. (*See* Complaint, ¶ 22.)

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside of its scope.

13. The use of the singular form of any word shall include the plural and vice versa.

**REQUESTS FOR PRODUCTION**

**DOCUMENT REQUEST NO. 1**

All documents that relate to any analysis, conducted by Ford or on Ford's behalf, of whether or under what circumstances employment taxes are or are not owed on ratification bonuses.

**DOCUMENT REQUEST NO. 2**

All documents that relate to any analysis, conducted by Ford or on its behalf, of Rev. Rul. 58-145.

**DOCUMENT REQUEST NO. 3**

All documents that relate to any analysis, conducted by Ford or on its behalf, of Rev. Rul. 2004-109.

**DOCUMENT REQUEST NO. 4**

All documents that relate to Ford's understanding of whether or under what circumstances employment taxes are or are not owed on ratification bonuses.

**DOCUMENT REQUEST NO. 5.**

All documents that relate to any communication between Ford and the Internal Revenue Service regarding whether or under what circumstances employment taxes are or are not owed on ratification bonuses or signing bonuses.

**DOCUMENT REQUEST NO. 6**

All documents that relate to any communication between Ford and the United States Department of Treasury regarding whether or under what circumstances employment taxes are or are not owed on ratification bonuses or signing bonuses.

**DOCUMENT REQUEST NO. 7**

All documents that relate to any communication between Ford and the UAW regarding whether or under what circumstances employment taxes are or are not owed on ratification bonuses or signing bonuses.

**DOCUMENT REQUEST NO. 8**

All documents that relate to any communication between or among Ford, General Motors, Delphi, or Chrysler, regarding whether or under what circumstances employment taxes are or are not owed on ratification bonuses or signing bonuses.

**DOCUMENT REQUEST NO. 9**

All documents that relate to the consideration or decision by Ford to collect from Ford's employees and pay to the United States employment taxes on ratification bonuses paid in connection with the 1996 collective bargaining agreement.

**DOCUMENT REQUEST NO. 10**

All documents that relate to the consideration or decision by Ford to collect from Ford's employees and pay to the United States employment taxes on ratification bonuses paid in connection with the 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 11**

All documents that relate to any communication between or among Ford, General Motors, Delphi, or Chrysler regarding this lawsuit, *General Motors Corp., et al.. v. United States*, E.D. Mich. No. 2:07-CV-14464, or *Delphi Corp., et al. v. United States*, Bankr. S.D.N.Y. Adversary Proceeding No. 08-01038.

**DOCUMENT REQUEST NO. 12**

All documents that relate to any communication between or among Ford, General Motors, Delphi, or Chrysler regarding administrative claims for tax refund brought by any of these entities for employment taxes on ratification bonuses.

**DOCUMENT REQUEST NO. 13**

All documents that relate to any communication between Ford and the UAW regarding this lawsuit.

**DOCUMENT REQUEST NO. 14**

All documents that relate to any communication between Ford and the UAW regarding administrative claims for tax refund brought by Ford for employment taxes on ratification bonuses.

**DOCUMENT REQUEST NO. 15**

All documents that relate to any communication between Ford and the Internal Revenue Service in connection with the administrative claims for tax refund brought by Ford for employment taxes on ratification bonuses.

**DOCUMENT REQUEST NO. 16**

All documents that relate to any effort by Ford, or on its behalf, to lobby the United States Congress, United States Department of Treasury, or United States Internal Revenue Service, regarding the circumstances under which employment taxes are or are not owed on ratification bonuses or signing bonuses.

**DOCUMENT REQUEST NO. 17**

All documents that relate to the negotiation between Ford and the UAW of the ratification bonuses paid in connection with the 1996 collective bargaining agreement.

**DOCUMENT REQUEST NO. 18**

All documents that relate to the negotiation between Ford and the UAW of the ratification bonuses paid in connection with the 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 19**

All documents that relate to any communication between Ford and the UAW regarding any proposal that Ford should pay ratification bonuses, signing bonuses, or other bonuses in connection with the 1996 collective bargaining agreement.

**DOCUMENT REQUEST NO. 20**

All documents that relate to any communication between Ford and the UAW regarding any proposal that Ford should pay ratification bonuses, signing bonuses, or other bonuses in connection with the 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 21**

All documents that relate to any draft of the portion of the 1996 collective bargaining agreement concerning the ratification bonuses paid.

**DOCUMENT REQUEST NO. 22**

All documents that relate to any draft of the portion of the 1999 collective bargaining agreement concerning the ratification bonuses paid.

**DOCUMENT REQUEST NO. 23**

All documents that relate to any analysis, proposal, decision or determination of whether to agree to the ratification bonuses paid in connection with the 1996 collective bargaining agreement.

**DOCUMENT REQUEST NO. 24**

All documents that relate to any analysis, proposal, decision, or determination of whether to agree to the ratification bonuses paid in connection with the 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 25**

All documents that relate to any analysis, proposal, decision or determination of the amount of the ratification bonuses paid in connection with the 1996 collective bargaining agreement.

**DOCUMENT REQUEST NO. 26**

All documents that relate to any analysis, proposal, decision, or determination of the amount of the ratification bonuses paid in connection with the 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 27**

All documents that relate to any analysis, proposal, decision, or determination of the financial terms of the 1996 collective bargaining agreement, including (without limitation) terms concerning salaries, bonuses, wages, or benefits paid by Ford to its employees.

**DOCUMENT REQUEST NO. 28**

All documents that relate to any analysis, proposal, decision, or determination of the financial terms of the 1999 collective bargaining agreement, including (without limitation) terms concerning salaries, bonuses, wages, or benefits paid by Ford to its employees.

**DOCUMENT REQUEST NO. 29**

All documents that relate to any letter, newsletter, publication, or other communication between Ford and its employees regarding the ratification bonuses paid in connection with the 1996 collective bargaining agreement.

**DOCUMENT REQUEST NO. 30**

All documents that relate to any letter, newsletter, publication, or other communication between Ford and its employees regarding the ratification bonuses paid in connection with the 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 31**

All documents that relate to any analysis or discussion by Ford of the financial terms of the 1996 collective bargaining agreements entered into between the UAW and General Motors, Delphi, or Chrysler, including (without limitation) terms concerning salaries, bonuses, wages, or benefits paid to the employees of those businesses.

**DOCUMENT REQUEST NO. 32**

All documents that relate to any analysis or discussion by Ford of the financial terms of the 1999 collective bargaining agreements entered into between the UAW and General Motors, Delphi, or Chrysler, including (without limitation) terms concerning salaries, bonuses, wages, or benefits paid to the employees of those businesses.

**DOCUMENT REQUEST NO. 33**

All documents that relate to any analysis or discussion of the economic advantages or disadvantages to Ford of making payments to employees as bonuses, rather than as salary or wages.

**DOCUMENT REQUEST NO. 34**

Documents sufficient to identify each of Ford's employees who received ratification bonuses under the 1996 collective bargaining agreement and who performed no additional services for Ford after receiving such bonuses.

**DOCUMENT REQUEST NO. 35**

Documents sufficient to identify each of Ford's employees who received ratification bonuses under the 1999 collective bargaining agreement and who never performed any services for Ford after receiving such bonuses.

**DOCUMENT REQUEST NO. 36**

All affidavits, declarations, or sworn statements you have prepared or obtained regarding facts alleged in the Complaint, defenses asserted in the Answer, or that are otherwise relevant to or discoverable in this action and the date of each such document.

**DOCUMENT REQUEST NO. 37**

All documents that relate to the "$180 ratification bonus" paid by Ford to its employees in 1984. (*See* FORD003602).

**DOCUMENT REQUEST NO. 38**

All documents that relate to the consideration or decision by Ford to collect or not to collect from Ford's employees and pay to the United States employment taxes on the "$180 ratification bonus" paid by Ford to its employees in 1984. (See FORD003602).

**DOCUMENT REQUEST NO. 39**

All documents that relate to the negotiation between Ford and the UAW of the "$180 ratification bonus" paid by Ford to its employees in 1984. (See FORD003602).

**DOCUMENT REQUEST NO. 40**

All documents or files maintained by Peter J. Pestillo regarding the 1996 collective bargaining agreement or 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 41**

All documents or files maintained by Sharlene Gage regarding the 1996 collective bargaining agreement or 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 42**

All documents or files maintained by Lew Hooks regarding the 1996 collective bargaining agreement or 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 43**

All documents or files maintained by Thomas Brown regarding the 1996 collective bargaining agreement or 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 44**

All documents or files maintained by Bill Quarterman regarding the 1996 collective bargaining agreement or 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 45**

All documents or files maintained by J.E. Senterfitt regarding the 1996 collective bargaining agreement or 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 46**

All documents or files maintained by Robert H. Marcin regarding the 1996 collective bargaining agreement or 1999 collective bargaining agreement.

**DOCUMENT REQUEST NO. 47**

All documents or files maintained by Lee Mezza regarding the 1996 collective bargaining agreement or 1999 collective bargaining agreement.

Respectfully submitted,

July 24, 2008

JASON BERGMANN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3425

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

Of Counsel